IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>      v.<br><br>SKYLER G. YZAGUIRRE,<br><br>               Appellant. | No. 80660-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Following an automobile accident, the State charged Skyler G. Yzaguirre with driving under the influence, among other crimes. The State took Yzaguirre into custody on November 1, 2018, and calculated the expiration of his speedy trial date as December 31, 2018. However, on December 13, 2018, the parties agreed to move trial to January 7, 2019, although Yzaguirre did not waive his speedy trial right. The court released Yzaguirre on January 10, 2019, but in February, Yzaguirre was taken back into custody after he failed to appear for a court hearing. Yzaguirre remained in custody until his trial in August 2019.

Yzaguirre appeals, asserting that we must reverse his judgment and sentence because the court violated his right to a speedy trial. He also contends that the trial court erred when it failed to strike form language imposing community custody supervision fees after it found him indigent.

We conclude that Yzaguirre's speedy trial right was not violated because the 10-day delay was not presumptively prejudicial and was necessary for the

Citations and pin cites are based on the Westlaw online version of the cited material.

administration of justice. However, the trial court erred when it imposed supervision fees. We affirm but remand for the trial court to strike the supervision fees from Yzaguirre's judgment and sentence.

FACTS

On October 19, 2018, at around 4:50 p.m., Washington State Trooper Anthony Pasternak witnessed Yzaguirre rear-end another vehicle stopped at an intersection in Skagit County. After speaking with Yzaguirre, Trooper Pasternak arrested Yzaguirre for suspected drunk driving. Trooper Pasternak then sought and obtained a warrant for Yzaguirre's blood sample to determine his blood alcohol concentration (BAC) level. The sample was sent to a laboratory for analysis.

On October 22, 2018, the State charged Yzaguirre with felony DUI (driving under the influence), driving with a suspended license, and driving without an ignition interlock.

On November 1, 2018, the State arraigned Yzaguirre and held him in custody on $100,000 bail. The court scheduled the trial's omnibus hearing for November 29, 2018, set trial for December 17, 2018, and indicated that speedy trial expired on December 31, 2018.

On November 29, 2018, at a status conference, the parties continued the matter, scheduling a status conference for December 6. They did not complete an omnibus order.

On December 6, the parties again continued the matter and scheduled a status conference for December 13.

2

On December 13, 2018, the State requested a continuance citing the laboratory's delay in providing the State with Yzaguirre's toxicology results. The State indicated that it would be available the following week for an omnibus hearing, but Yzaguirre's counsel stated that they were unavailable that week and that the earliest they could be present for trial was the first week of January. Yzaguirre objected to the continuance. The court granted the State's request and set trial to the next available trial date, January 7, 2019. The court did not amend the speedy trial expiration date, leaving it set for December 31, 2018. The record includes three documents from that day: (1) an omnibus request setting the CrR 3.5 hearing for January 2, 2019, (2) a motion hearing document, and (3) the clerk's minutes for that day reflecting that the parties set trial for January 7. The motion hearing document noted that Yzaguirre objected to the new trial date but that the parties agreed "to omnibus hearing."

On January 3, 2019, the State requested another continuance because it had not received the toxicology results and because the arresting officer was unavailable due to an injury. Yzaguirre again objected. The court granted the State's motion to continue and set a status conference for January 10 to determine whether trial could be finished before the end of January.

On January 10, 2019, the State indicated that the arresting officer would not be available for trial until the beginning of February. It moved to continue on that basis. The court granted the State's motion for a continuance and conditionally released Yzaguirre from custody.

When Yzaguirre failed to appear for a court hearing on January 31 and

violated conditions of his release, the court issued a bench warrant. On February 8, 2019, the Skagit County Sheriff's Office arrested Yzaguirre. Thereafter, Yzaguirre remained in custody until his trial date on August 26, 2019. During this time, the court granted seven motions to continue filed by the State or Yzaguirre.

The jury convicted Yzaguirre as charged.

The court stated at sentencing that Yzaguirre "owes money" and "has no assets," and that it was "entering [a] finding of indigency." Later, the court found Yzaguirre indigent. However, the court failed to strike form language requiring Yzaguirre to pay community custody supervision fees as determined.

Yzaguirre appeals.

ANALYSIS

Right to a Speedy Trial

Yzaguirre contends that we must overturn his convictions because the trial court violated his right to a speedy trial. We disagree.

As an initial matter, the State asserts that Yzaguirre cannot raise this issue on appeal because he failed to object to the continuance and to move for dismissal of the charges below. Although Yzaguirre's counsel agreed to the omnibus order and to the order that continued the trial to January 7, 2019, and that set other hearing dates, they also objected to the continuance at the beginning of the motion hearing, and Yzaguirre did not sign the omnibus or hearing date documents. Furthermore, Yzaguirre did not check the box on the hearing dates order that indicated he was waiving his right to a speedy trial. Thus, Yzaguirre did not waive his right to raise this issue on appeal, and we

review the merits of his assertion.

"Under Washington's speedy trial rule, [CrR 3.3(b),] a defendant who is detained in jail must be brought to trial within 60 days of arraignment." State v. Hatt, 11 Wn. App. 2d 113, 150, 452 P.3d 577 (2019), review denied, 195 Wn.2d 1011 (2020), cert. denied, 141 S. Ct. 345 (2020). However, "[c]ontinuances appropriately granted by the court are excluded from the calculation of time to trial and extend the allowable trial date to 30 days after the end of the excluded period." Hatt, 11 Wn. App. 2d at 150. "On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of [their] defense." CrR 3.3(f)(2).

Even where we conclude that the trial court did not violate defendant's rights under CrR 3.3, we still must determine whether a constitutional violation occurred. Hatt, 11 Wn. App. 2d at 152. "'[T]he analysis for speedy trial rights under article I, section 22 [of the Washington Constitution] is substantially the same as the Sixth Amendment analysis.'" Hatt, 11 Wn. App. 2d at 152 (alterations in original) (quoting State v. Ollivier, 178 Wn.2d 813, 826, 312 P.3d 1 (2013)). To determine whether a defendant's constitutional right to a speedy trial was violated, we review the balancing test, which the United States Supreme Court adopted in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Hatt, 11 Wn. App. 2d at 152. "To trigger the balancing analysis, a defendant must first show that the delay 'crossed a line from ordinary to presumptively prejudicial.'" Hatt, 11 Wn. App. 2d at 152 (quoting State v.

Iniguez, 167 Wn.2d 273, 283, 217 P.3d 768 (2009)).

"We review de novo whether the trial court violated [either] CrR 3.3" or a defendant's constitutional right to a speedy trial. Hatt, 11 Wn. App. 2d at 150.

Here, Yzaguirre challenges the continuance that created a 10-day delay from his speedy trial date to the continued trial date and his conditional release. Yzaguirre was arraigned on November 1, 2018, and his speedy trial date expired December 31, 2018. On December 13, the court granted the State's motion to continue trial to January 7, and Yzaguirre was released on January 10, 2019. Under CrR 3.3, the trial court properly granted the State's motion because the State needed the continuance in order to obtain the evidence necessary for trial and because Yzaguirre was not prejudiced. Furthermore, the 10-day delay was insufficient to trigger the balancing analysis under Barker because it did not cross the line from ordinary to presumptively prejudicial. Cf. Hatt, 11 Wn. App. 2d at 153 (concluding that an 18-month delay where the defendant remained in custody was presumptively prejudicial).

Although we recognize that there continues to be a problem with the State's delay in obtaining toxicology reports, which results in the postponement of many defendants' trials, we also note the importance of having those results, not only for the State, but also for any accused defendant. Nonetheless, these delays put defendants in a difficult position of waiving their speedy trial rights for potentially exculpatory evidence or missing out on such evidence. See State v. Salgado-Mendoza, 189 Wn.2d 420, 445, 403 P.3d 45 (2017) (Madsen, J., dissenting) ("If we allow underfunding and congestion at the State's toxicology

lab to excuse fair trial rights, there will be no inducement for the State to remedy the problem."). Because the continuance resulted in only a 10-day delay before Yzaguirre was released and Yzaguirre was thereafter in custody because he failed to show at his hearing and violated conditions of his release, the delay did not prejudice Yzaguirre. Therefore, Yzaguirre cannot show a CrR 3.3 violation or a constitutional violation of his speedy trial rights in this case.

Community Custody Supervision Fees

Yzaguirre asserts that the trial court erred when it ordered him to pay community custody supervision fees in the judgment and sentence. We agree.

"Community custody supervision fees are discretionary legal financial obligations (LFOs) that are waivable by the trial court." State v. Peña Salvador, ___ Wn. App. 2d ___, 487 P.3d 923, 935 (2021). Where the record indicates that the sentencing court intended to waive all discretionary LFOs, remand for the court to strike the form language imposing supervision fees from the judgment and sentence is appropriate. See State v. Dillon, 12 Wn. App. 2d 133, 152-53, 456 P.3d 1199 (remanding for the trial court to strike supervision fees where "[t]he record demonstrate[d] that the trial court intended to impose only mandatory LFOs"), review denied, 195 Wn.2d 1022 (2020). And the record in this case reflects that the trial court intended to waive discretionary LFOs when it acknowledged that Yzaguirre had no assets and no income. Accordingly, we remand to the trial court to strike the imposition of these fees.

We affirm Yzaguirre's judgment and sentence but remand to the trial court to strike the imposition of the community custody supervision fees.

Smith, J.

WE CONCUR:

Mann, C.J.

Appelwick, J.